(133 So. 434)

CORDINO et al. v. LIBERTY REALTY & SECURITIES CO., Inc.

No. 30007.

March 2, 1931.

Rehearing Denied March 30, 1931.

Puneky & Barrios and James J. Landry, all of New Orleans, for appellants.

F. Rivers Richardson, of New Orleans, for appellee.

BRUNOT, J.

This is a suit by the widow and heirs of George Martin, deceased, to enforce a contract entered into by the Homebuilders' Realty Company, Inc., now the Liberty Realty & Securities Company, Inc., and George Martin, for the sale to Martin of fifty-three lots of ground situated in Jefferson parish, La., in square 57 of the Canal street subdivision. The petition contains three alternative demands, viz.: That plaintiffs be decreed to be the owners of thirty-six of the fifty-three lots described in the contract; or that they be awarded damages in the sum of $7,950, with legal interest thereon; or that they recover from the defendant $1,800, the sum of the cash and subsequent payments made on the purchase price of the lots, with 10 per cent. added, for breach of the contract, and legal interest thereon.

The defendant first prayed for oyer of certain documents referred to in the petition. Plaintiffs excepted to the prayer for oyer, but annexed to their exception the documents called for, together with the agreement to purchase, the bond for deed, the act of tender of title, and the act of sale prepared in connection therewith.

The defendant then filed the following exceptions, viz.: vagueness, misjoinder of parties defendant, two exceptions of no right or cause of action, a plea of three, five, and ten years' prescription, and a call upon plaintiffs to elect upon which one of their alternative

demands they would go to trial. All of the pleadings, together with the documents annexed to plaintiffs' exceptions to the prayer for oyer, are properly before the court, and must be considered.

The demand upon the plaintiffs to elect was not passed upon by the trial judge. The court's opinion is a pattern of conciseness. It is couched in the following language:

"The court considering all the exceptions filed by defendant well founded, for the reasons orally assigned, It is ordered that all the exceptions filed by defendant be maintained, and the suit of the plaintiffs be dismissed."

The plaintiffs obtained the proper order and perfected a devolutive appeal from the judgment.

The contract for the sale of the lots was executed on July 21, 1914, and the bond for deed, prepared in connection therewith, was executed on July 24, 1914. The purchase price of the lots was $2,650, or $50 per lot; $300 of the purchase price was paid, in cash, on the date of the agreement, and the balance thereof was payable in deferred monthly installments of $100 each. Fifteen of the deferred installments were paid to and accepted by the defendant, during the years 1914, 1915, 1916, 1921, and 1923; the last payment being made during the month of January, 1923. The contract contains the following provision:

"This company agreed to extend the period of payment providing at any time that the purchaser is unable at any time to meet his monthly payments."

On February 27, 1923, the defendant sought to terminate the agreement and served notice, through its notary public, upon Mrs. George Martin, the widow of George Martin, deceased, and Mrs. Kate Pfleuger and Peter Corcopo Martin, the children of Mrs. George Martin and George Martin, deceased, of its tender, to them, of title to the property, described in the agreement, together with a summons upon each of the said parties named to appear before said notary at a specified time, place, and date, to accept the title and to pay $1,855, the alleged unpaid balance of the purchase price of the property, with 6 per cent. interest thereon from January 21, 1923.

For all present purposes of the suit, the allegations of the petition must be held to be admitted, and must be considered in connection with the documents attached to the plaintiffs' exception to the defendant's prayer for oyer.

It is alleged that Peter Corcopo Martin died more than four years prior to the purported service of notice upon him to appear before the notary and accept tender of title to the property, that he was survived by a lawful wife and minor child, both of whom are now living, and that the said minor is the sole heir of the deceased. It is alleged that the unpaid balance of the purchase price of the property is $1,005 less than the sum demanded by defendant; that no statement of account was rendered to plaintiffs or accompanied either the notary's notice of tender or summons to take title and pay the unpaid balance of the purchase price; that the property was not shown to be free of liens, privileges, and charges; that a certificate of the recorder of mortgages for the parish of Jefferson disclosed that the property of the defendant was incumbered with a mortgage for the sum of $45,000; that, notwithstanding the agreement of purchase contains the following provision: "The Company hereby guarantees to complete all improvements planned, or return full amount of monies paid in with ten per cent. added"—the company has disregarded its obligation to complete the contemplated improvements, or to refund to plaintiffs the

amount paid in under the agreement, or any part of said amount; that plaintiffs did not acquiesce in defendant's attempt to terminate the agreement of sale; and that, subsequent to the purported tender of title, the plaintiffs made persistent efforts to have the defendant transfer title to the lots described in the agreement of sale and deed for bond, according to the terms of said instruments.

We think the plaintiffs have stated a right and cause of action. However, one of the defendant's exceptions of no right or cause of action is leveled at the status of the widow of Peter Corcopo Martin, who merely alleges that she appears in this suit as the natural tutrix of the minor daughter of herself and her deceased husband, for the account, use, and benefit of said minor. While a right and cause of action, in the minor, is alleged, it does not appear that the minor is properly represented herein. We must therefore remand the case in order that the minor may be legally represented.

■■ With reference to the plea of prescription, we think the prescription of three and five years should have been referred to the merits.

The provision of the contract we have quoted supra extends the term of payment of the deferred installments without limit, and a proper interpretation of that provision of the contract cannot be made in advance of a hearing on the merits of the case. It is alleged that the last payment on the contract was made during the month of January, 1923. This suit was filed within ten years from that month; therefore the prescription of ten years was prematurely pleaded.

■ The exceptions of vagueness and misjoinder of parties defendant are not of a peremptory nature. These are dilatory exceptions, and, with respect to them, the plaintiffs were entitled to an order to show cause and a time limit, if that be found necessary, within which to amend their pleadings.

The call upon the plaintiffs to elect was not passed upon in the court below, and we must leave that matter to be adjudged, in that court, on the hearing on the remand.

For the reasons stated, the judgment appealed from is reversed, and this case is remanded to the lower court to be proceeded with according to law and the views herein expressed; the costs of this appeal to be paid by the appellee.